UNITED STATES DISTRICT COURT

DISTRICT OF HAWAII

| | |
|---|---|
| UNITED STATES FIRE INSURANCE COMPANY, A FOREIGN CORPORATION;<br><br>        Plaintiff,<br><br>  vs.<br><br>HAWAIIAN CANOE RACING ASSOCIATIONS, HAWAIIAN KAMALI'I INC., doing business as HAWAIIAN CANOE CLUB, KIHEI CANOE CLUB, MARK DAVID STEVENS, DOE SPOTTER, DOE DEFENDANTS,<br><br>        Defendants. | CIV. NO. 18-00212 LEK-RLP |

**ORDER GRANTING MOTIONS TO DISMISS AND/OR STAY AND
SEVER CROSS-CLAIM AND GRANTING JOINDERS IN THE MOTION**

On October 23, 2018, Defendant/Counterclaim Defendant/Cross-claim Defendant Hawaiian Kamali`i, Inc., doing business as Hawaiian Canoe Club ("HCC"), filed a motion to dismiss, or to stay and sever, the cross-claim filed by Defendant/Third-Party Plaintiff/Cross-claimant Mark David Stevens ("Stevens" and "Cross-claim") on July 26, 2018 ("HCC Motion"). [Dkt. nos. 20-1 (Cross-claim), 32 (HCC Motion).] On November 13, 2018, Defendant Kihei Canoe Club ("KCC") filed a similar motion ("KCC Motion"). [Dkt. no. 42.] Also before the Court are Defendant/Counterclaim Defendant/Cross-claim Defendant Hawaiian Canoe Racing Association's ("HCRA") joinders of simple

agreement in the HCC Motion and the KCC Motion (collectively "Joinders"), both filed on December 6, 2018. [Dkt. nos. 44, 45.] On January 25, 2019: 1) Stevens filed a memorandum in opposition addressing the HCC Motion and the KCC Motion (collectively "Motions"), as well as the Joinders; [dkt. no. 52;] 2) Third-Party Defendant Servco Pacific, Inc., doing business as Servco Pacific Insurance, filed a statement of no position as to each of the Motions; [dkt. nos. 53, 54;] and 3) Plaintiff/Counterclaim Defendant United States Fire Insurance Company ("US Fire") filed a statement of no opposition to all of the Motions and Joinders, [dkt. no. 56]. On February 1, 2019, KCC filed a reply in support of the KCC Motion, and HCC filed a reply in support of the HCC Motion. [Dkt. nos. 58, 59.] The Motions and the Joinders came on for hearing on February 15, 2019. For the reasons set forth below, the Motions and the Joinders are granted insofar as: 1) Stevens's Cross-claim is dismissed without prejudice for failure to state a claim; 2) the proceedings on the Cross-claim are stayed pending the final resolution of the underlying state court action; and 3) the stayed proceedings are severed from the proceedings on the other claims in the instant case.

## BACKGROUND

US Fire filed its Complaint for Declaratory Judgment ("Complaint") on June 4, 2018, seeking a declaratory judgment

that it does not have a duty to defend nor a duty to indemnify HCRA, HCC, KCC, Stevens (collectively "Defendants"), and other Doe defendants, as to claims arising from a September 17, 2016 incident in which Faith Ann Kalei-Imaizumi ("Kalei-Imaizumi") was injured. See Complaint at ¶¶ 4, 21-24 & pgs. 31-32.

According to the Complaint, September 17, 2016 was the date of the 2016 Pailolo Challenge Outrigger Canoe Race ("2016 Pailolo Challenge"). HCRA was a sponsor, host, or organizer of the 2016 Pailolo Challenge, as was HCC. HCC is a member of non-party Maui County Hawaiian Canoe Association ("Maui HCA"), which is part of the HCRA. Kalei-Imaizumi was a switch or relief paddler for KCC's team that was entered in the Pailolo Challenge. KCC is also a member of the Maui HCA. [Id. at ¶¶ 2-4.] Stevens was the owner and operator of the Ohana, which was an escort vessel for KCC's team in the 2016 Pailolo Challenge. [Id. at ¶¶ 5, 17.]

On the date of the 2016 Pailolo Challenge, Kalei-Imaizumi and other members of KCC's team swam to the Ohana, which was in an off-shore staging area at the time. After the KCC team members boarded the Ohana, Stevens's hat blew into the water, and Kalei-Imaizumi re-entered the water to retrieve it. Kalei-Imaizumi was injured while she was attempting to re-board the Ohana using a ladder. [Id. at ¶¶ 21-24.] Kalei-Imaizumi alleges Stevens and others failed to warn

3

her that the propellers near the ladders did not have guards and were extremely dangerous. [Id. at ¶ 29.] Kalei-Imaizumi, her husband, and their children ("Underlying Plaintiffs") filed an action against Defendants and others in state court, Kalei-Imaizumi, et al. v. Stevens, et al., Civil No. 17-1-0474 ("Underlying Action"). [Id. at ¶¶ 10-11, Exh. A (complaint in the Underlying Action ("Underlying Complaint")).] Only the Underlying Plaintiffs' claims that are relevant to the instant case will be discussed here.

US Fire issued Marine Policy No. 830-101897-8 to HCRA, for the period from January 1, 2016 to January 1, 2017 ("Policy"). [Complaint at ¶ 41, Exh. B (Policy).] HCRA, as well as "'[t]he Island Association, its Member Clubs and their Members and Director & Board Members'" are named insureds under the Policy. [Complaint at ¶ 41.] HCRA, HCC, and KCC ("Club Defendants") tendered the defense of the claims against them in the Underlying Action to US Fire under the Policy. US Fire is defending all of the Club Defendants under a reservation of rights. [Id. at ¶ 46.]

Stevens filed his original answer to US Fire's Complaint on July 24, 2018, and an amended answer ("First Amended Answer") on July 26, 2018. [Dkt. nos. 17, 20.] The First Amended Answer includes the Cross-claim against the Club Defendants and the Doe defendants named in the Complaint. [Dkt.

no. 21-1.] Count I of the Cross-claim ("Cross Count I") alleges the Club Defendants were negligent in failing to obtain the appropriate insurance for the 2016 Pailolo Challenge. Stevens also alleges the failure to obtain appropriate insurance was a breach of the Club Defendants' contractual duties. Further, he contends this management and operational negligence is covered under the Club Defendants' general liability insurance policies. [Cross-claim at ¶¶ 8-20.] Count II of the Cross-claim ("Cross Count II") alleges Stevens is entitled to implied indemnification and/or equitable subrogation. [Id. at ¶¶ 21-24.]

HCC argues the Cross-claim should be dismissed because: it fails to state a claim upon which relief can be granted; and it is duplicative of both the cross-claim that Stevens filed in Great Divide Insurance Co. v. Hawaiian Kamali`i, Inc., et al., CV 18-00140 LEK-RLP ("Great Divide" and "the Great Divide Cross-claim"), and the cross-claim that Stevens filed in the Underlying Action. In the alternative, HCC urges this Court to "[s]tay, sever, and abstain from this action" until the conclusion of the Underlying Action. [Mem. in Supp. of HCC Motion at 2.] The KCC Motion raises substantively similar arguments.

**DISCUSSION**

I.  **Dismissal**

   A.  **Failure to State a Claim**

Cross Count I sounds primarily in negligence, and damages are a required element of a negligence claim. See Kennedy v. Wells Fargo Bank, CIVIL NO. CV 18-00068 DKW-KJM, 2018 WL 3624967, at *3 (D. Hawai`i July 30, 2018) ("The elements of a negligence claim under Hawaii law are: (1) duty; (2) breach of duty; (3) causation; and (4) damages." (some citations omitted) (citing Cho v. State, 115 Hawai`i 373, 168 P.3d 17, 23 n.11 (2007))).  Similarly, Cross Count II is primarily an indemnification claim, and the plaintiff's discharge of an obligation to a third-party is a required element of an indemnification claim.  See Seabright Ins. Co. v. Matson Terminals, Inc., 828 F. Supp. 2d 1177, 1187-88 (D. Hawai`i 2011) ("The framework for analyzing a claim for equitable indemnity requires a plaintiff to plead and prove that: (1) he or she discharged a legal obligation owed to a third party; (2) the defendant was also liable to the third party; and (3) as between the claimant and defendant, the obligation ought to be

discharged by the latter." (citation and internal quotation marks omitted)).[1]

HCC and KCC argue that, because there has been neither a determination of liability nor an award of damages in the Underlying Action, Stevens: does not have damages to support his negligence claim; and cannot pursue an indemnification claim because he has not discharged any obligation to the Underlying Plaintiffs. In the context of the instant Motions, Stevens argues he has been forced to pay for his legal defense in the Underlying Action, and those expenses constitute damages supporting Cross Count I. Further, Stevens argues that, if the Club Defendants had obtained the appropriate insurance for the 2016 Pailolo Challenge, he would have been covered under the policy (or policies) and the insurer(s) would have been paying the legal expenses that Stevens is currently paying. Factual allegations regarding Stevens's legal expenses would be sufficient to state a plausible basis for the damages element of Stevens's negligence claim and the discharge element of his indemnification claim.[2] See Ashcroft v. Iqbal, 556 U.S. 662, 678

---

[1] When an indemnification or contribution claim is pled in a cross-claim filed pursuant to Fed. R. Civ. P. 13(g), the claim does not have to "be mature at the time of pleading." Wada v. Aloha King, LLC, 154 F. Supp. 3d 981, 1003 (D. Hawai`i 2015) (citing 6 Wright, Miller & Kane § 1431 at pp. 281).

[2] To the extent there may be other defects in the Cross-claim, this Court declines to address them in the instant
(. . . continued)

(2009) ("To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007))). Those factual allegations would also state a plausible basis for the ripeness requirement. See 18 Unnamed John Smith Prisoners v. Meese, 871 F.2d 881, 883 (9th Cir. 1989) ("The ripeness doctrine prevents courts, through avoidance of premature adjudication, from entanglement in theoretical or abstract disagreements that do not yet have a concrete impact on the parties." (some citations omitted) (citing Thomas v. Union Carbide Agric. Prods. Co., 473 U.S. 568, 580, 105 S. Ct. 3325, 3332, 87 L. Ed. 2d 409 (1985))).

However, the pleadings do not contain factual allegations regarding Stevens's payment of legal expenses in the Underlying Action, and therefore the allegations cannot be considered in the determination of whether the Cross-claim states plausible claims. See Khoja v. Orexigen Therapeutics,

---

Order. The anticipated amendments to the Cross-claim will address both Stevens's payment of legal expense in the Underlying Action and any events that transpired in the Underlying Action while the instant case was stayed. Those additional factual allegations will likely affect multiple aspects of Stevens's claims. Therefore this Court will conduct a more thorough analysis of the alleged defects in Stevens's claims against the Club Defendants after Stevens has filed an amended cross-claim.

Inc., 899 F.3d 988, 998 (9th Cir. 2018) ("Generally, district courts may not consider material outside the pleadings when assessing the sufficiency of a complaint under Rule 12(b)(6) of the Federal Rules of Civil Procedure."), *cert. petition docketed*, No. 18-1010 (Feb. 4, 2019). Both Cross Count I and Cross Count II, as currently pled, fail to state claims upon which relief can be granted. See Fed. R. Civ. P. 12(b)(6). The Motions are granted, insofar as Stevens's Cross-claim is dismissed, in its entirety.[3] Stevens should be given leave to amend the Cross-claim because it is arguably possible for him to cure the defects in the Cross-claim by amendment. See Sonoma Cty. Ass'n of Retired Emps. v. Sonoma Cty., 708 F.3d 1109, 1118 (9th Cir. 2013) ("As a general rule, dismissal without leave to amend is improper unless it is clear, upon de novo review, that the complaint could not be saved by any amendment." (brackets, citation, and internal quotation marks omitted)).

---

[3] HCRA's Joinders are joinders of simple agreement, which merely support the relief sought in the Motions; they do not seek relief for HCRA. See, e.g., Hyland v. Office of Hous. & Cmty. Dev., CIVIL 15-00504 LEK-RLP, 2018 WL 4119903, at *3 (D. Hawai`i Aug. 29, 2018) ("A party filing a substantive joinder may 'seek[] the same relief sought by the movant for himself, herself, or itself,' whereas a joinder of simple agreement 'simply seek[s] relief for the original movant.'" (alterations in Hyland) (quoting Local Rule LR7.9)). However, this Court has dismissed the Cross-claim as to HCRA (rather than requiring HCRA to file its own motion to dismiss) in the interest of judicial economy because the same analysis applies to Stevens's claims against HCRA in the Cross-claim as to his claims against HCC and KCC.

The fact that Stevens filed a similar cross-claim against the Club Defendants in Great Divide does not affect this Court's analysis of whether the Cross-claim in the instant case should be dismissed for failure to state a claim. First, the instant Cross-claim and the Great Divide Cross-claim are not necessarily duplicative. The instant Cross-claim arguably addresses the issue of whether the Club Defendants were required to ensure that Stevens was covered under the Policy, whereas the Great Divide Cross-claim arguably addresses the issue of whether the Club Defendants were required to ensure that Stevens was covered under the policy that Great Divide issued. Second, the Great Divide Cross-claim will be remanded to the state court. [Great Divide, Order Remanding Cross-claim and Denying Pending Motions and Joinders, filed 3/15/19 (dkt. no. 68), at 2-3.] Stevens has also filed similar cross-claims in the Underlying Action (collectively "Underlying Cross-claims"), but this Court cannot find that the Underlying Cross-claims are duplicative of the instant Cross-claim based on the current record. See HCC Motion, Decl. of Counsel, Exh. E (Stevens's answer to HCC's cross-claim against him, including his cross-claim against HCC, filed on 4/23/18 in the Underlying Action); KCC Motion, Decl. of Matthew C. Shannon, Exh. 3 (same as to KCC). Thus, the Great Divide Cross-claim and the Underlying Cross-claims do not

require this Court to dismiss the instant Cross-claim with prejudice.

This Court therefore turns to the issue of whether the Cross-claim should be dismissed or stayed under the abstention doctrine, in light of the claims pending in state court.

**B.	Abstention**

The Ninth Circuit has stated:

> A district court may, in its discretion, decline to hear a declaratory judgment action when a related case is pending in state court. Wilton [v. Seven Falls Co.], 515 U.S. [277,] 289, 115 S. Ct. 2137 [(1995)]. But this discretionary jurisdictional rule does not apply to "[c]laims that exist independent of the request for a declaration." Snodgrass v. Provident Life & Accident Ins. Co., 147 F.3d 1163, 1167 (9th Cir. 1998). These "independent" claims are instead evaluated under the Colorado River[ Water Conservation District v. United States, 424 U.S. 800 (1976),] doctrine. Id. In this context, a claim is independent if it "would continue to exist if the request for a declaration simply dropped from the case." Id. at 1168; see also United Nat'l Ins. Co. v. R & D Latex Corp., 242 F.3d 1102, 1113 (9th Cir. 2001).

Scotts Co. LLC v. Seeds, Inc., 688 F.3d 1154, 1158–59 (9th Cir. 2012) (some alterations in Scotts Co.). "In other words, the district court should consider whether it has subject matter jurisdiction over the monetary claim alone, and if so, whether that claim must be joined with one for declaratory relief." United Nat'l, 242 F.3d at 1113.

11

Cross Count I sounds in negligence, and negligence is a well-recognized tort claim under Hawai`i law. There is no controlling legal authority **requiring** that a negligence claim be brought together with a claim for declaratory relief. Cf. id. ("We can see no reason . . . why a reimbursement claim **must** be joined with a claim for declaratory relief." (emphasis in original)). Cross Count II is primarily an indemnification claim. While indemnification claims are often filed with claims for declaratory relief, there is no controlling legal authority requiring that an indemnification claim be brought together with a claim for declaratory relief. Cf. id. (noting that, although insurance coverage actions often have both a claim for reimbursement and a claim for declaratory relief, there is no "an indication that this pattern reflects anything but . . . practical circumstance[s]"). This Court therefore concludes that Cross Count I and Cross Count II are independent claims for relief.

Because both Cross Count I and Cross Count II are independent claims, jurisdiction over those claims is mandatory, see United Nat'l, 242 F.3d at 1112, unless the Colorado River doctrine applies, see Snodgrass, 147 F.3d at 1167. As a general rule, if the Colorado River doctrine applies, a stay is appropriate, rather than dismissal. Montanore Minerals Corp. v. Bakie, 867 F.3d 1160, 1166 (9th Cir. 2017). Thus, this Court

next turns to the issue of whether the proceedings on the Cross-claim should be stayed, pending the resolution of state court litigation.

## II. **Stay and Severance**

Stevens does not oppose the Motions' alternate requests to stay the proceedings on the Cross-claim pending the resolution of the Underlying Action. [Mem. in Opp. at 7.] This Court has considered the following factors, which the Ninth Circuit has identified as part of the Colorado River analysis:

> (1) which court first assumed jurisdiction over any property at stake; (2) the inconvenience of the federal forum; (3) the desire to avoid piecemeal litigation; (4) the order in which the forums obtained jurisdiction; (5) whether federal law or state law provides the rule of decision on the merits; (6) whether the state court proceedings can adequately protect the rights of the federal litigants; (7) the desire to avoid forum shopping; and (8) whether the state court proceedings will resolve all issues before the federal court.
>
> [R.R. St. & Co. v. Transp. Ins. Co., 656 F.3d 966,] 978-79 [(9th Cir. 2011)]. Some factors may not apply in some cases, and "[a]ny doubt as to whether a factor exists should be resolved against a stay" or dismissal. Seneca Ins. Co. [v. Strange Land, Inc.], 862 F.3d [835,] 842 [(9th Cir. 2017)] (quoting Travelers Indem. Co. v. Madonna, 914 F.2d 1364, 1369 (9th Cir. 1990)).
>
> When it is appropriate for a court to decline to exercise jurisdiction pursuant to the Colorado River doctrine, we generally require a stay rather than a dismissal. Attwood v. Mendocino Coast Dist. Hosp., 886 F.2d 241, 243 (9th Cir. 1989). A stay "ensures that the

13

>           federal forum will remain open if for some
>           unexpected reason the state forum. . . . turn[s]
>           out to be inadequate." Id. (internal quotation
>           marks omitted).

Montanore Minerals, 867 F.3d at 1166 (some alterations in Montanore Minerals).

The first factor is inapplicable because there is no specific property at issue in either the instant case or in the Underlying Action. The second factor weighs against a stay because there has been no showing that this district court is an inconvenient forum for any of the parties that would be affected by a stay. The third and fourth factors – the desire to avoid piecemeal litigation and the order in which each forum obtained jurisdiction – weigh in favor of a stay. The Underlying Action was filed first and has proceeded further than the instant case has. Moreover, the issues related to the determination of who is liable for Kalei-Imaizumi's injuries are squarely presented in the Underlying Action, whereas they are secondary issues to the claims in the instant case. The fifth factor is neutral because, although the instant case raises only Hawai`i law claims, this Court is fully capable of applying the relevant Hawai`i authority. The sixth factor and the eighth factor – whether the state court proceedings will adequately protect the federal party's rights and whether they will resolve all issues in the federal case – weigh slightly against a stay. Although

the Great Divide Cross-claim and the Underlying Cross-claims are similar, it does not appear that they are identical.  Further, it is unclear at this point how the state court will handle the Great Divide Cross-claim after remand.  Thus, this Court cannot find either that the Underlying Action will resolve all of the issues in the instant case or that the Underlying Action will adequately protect the rights of the parties involved in the Cross-claim.  Finally, the seventh factor is inapplicable because there is no indication that any party involved in the relevant cases has engaged in forum shopping.

      Having considered all of the applicable factors, this Court finds that the third and fourth factors are the most persuasive.  In the exercise of its discretion,[4] this Court concludes that a stay of the proceedings on the Cross-claim is appropriate.  Further, this Court finds that, for the reasons identified in Fed. R. Civ. P. 42(g), the stayed proceedings on the Cross-claim must be severed from the other claims in the instant case.  The Motions are granted insofar as the proceedings on the Cross-claim are hereby stayed and severed from the remainder of the case.

---

[4] This Court has the discretion to stay pending proceedings as part of its inherent authority.  See, e.g., Grindling v. Shibao, CV. NO. 16-00426 DKW-RLP, 2017 WL 2661630, at *1 (D. Hawai`i June 20, 2017) (quoting Landis v. N. Am. Co., 299 U.S. 248, 254 (1936); CMAX, Inc. v. Hall, 300 F.2d 265, 268 (9th Cir. 1962)).

15

## III. Lifting the Stay

Within seven days after the state court has issued its final judgment in the Underlying Action, Stevens's counsel shall submit a letter to this Court requesting that a status conference be scheduled. The status conference will address, *inter alia*: 1) whether any appeal has been filed from the judgment in the Underlying Action; 2) the status of the Great Divide Cross-claim; and 3) whether the stay in the instant case should be lifted. After the stay has been lifted, a deadline will be issued for the filing of Stevens's amended cross-claim.

Any party to the Cross-claim may request that the stay be lifted in order to dismiss the Cross-claim with prejudice, either based on the parties' agreement or if Stevens decides not to pursue the claims in the Cross-claim. If any party to the Cross-claim believes that the stay should be lifted for any reason not described in this Order, that party must submit a letter to this Court setting forth the reasons why the stay should be lifted. After reviewing the letter, this Court may schedule a status conference or direct the party to file a motion to lift the stay.

## CONCLUSION

On the basis of the foregoing, HCC's October 23, 2018 Motion to Dismiss and/or Stay and Sever Defendant/Cross-claimant Mark David Stevens' Cross-claim; KCC's November 13, 2018 motion

16

with the same title; and HCRA's December 6, 2018 joinders of simple agreement in the Motions are HEREBY GRANTED.  Stevens's Cross-claim, filed July 26, 2018, is DISMISSED WITHOUT PREJUDICE.  Further, the proceedings on Stevens's Cross-claim are HEREBY STAYED pending the resolution of the Underlying Action, and the stayed proceedings are HEREBY SEVERED from the proceedings on the other claims in this case.  The stay may be lifted, when appropriate, for the reasons described in this Order.

       IT IS SO ORDERED.

       DATED AT HONOLULU, HAWAI`I, March 29, 2019.



/s/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States District Judge

**UNITED STATES FIRE INSURANCE COMPANY VS. HAWAI`I CANOE RACING ASSOCIATION, ET AL; CV 18-00212 LEK-RLP; ORDER GRANTING MOTIONS TO DISMISS AND/OR STAY AND SEVER CROSS-CLAIM AND GRANTING JOINDERS IN THE MOTION**