UNITED STATES DISTRICT COURT

DISTRICT OF HAWAII

| | |
|---|---|
| UNITED STATES FIRE INSURANCE COMPANY, A FOREIGN CORPORATION;<br><br>    Plaintiff,<br><br>    vs.<br><br>HAWAIIAN CANOE RACING ASSOCIATIONS, HAWAIIAN KAMALI'I INC., doing business as HAWAIIAN CANOE CLUB, KIHEI CANOE CLUB, MARK DAVID STEVENS, DOE SPOTTER, DOE DEFENDANTS,<br><br>    Defendants. | CIV. NO. 18-00212 LEK-RLP |

**ORDER GRANTING MOTION TO DISMISS DEFENDANT/THIRD-PARTY PLAINTIFF MARK DAVID STEVENS' THIRD-PARTY COMPLAINT [DKT. 20-2] FOR FAILURE TO STATE A CLAIM**

On September 28, 2018, Third-Party Defendant Servco Pacific, Inc., doing business as Servco Pacific Insurance ("Servco"), filed its Motion to Dismiss Defendant/Third-Party Plaintiff Mark David Stevens' Third-Party Complaint [Dkt. 20-2] for Failure to State a Claim ("Motion"). [Dkt. no. 30.] On December 6, 2018, Defendant/Counterclaim Defendant/Cross-claim Defendant Hawaiian Canoe Racing Association ("HCRA") filed a statement of no position. [Dkt. no. 46.] Defendant/Third-Party Plaintiff/Cross-claimant Mark David Stevens ("Stevens") filed his memorandum in opposition on February 1, 2019, and Servco filed its reply on February 8, 2019. [Dkt. nos. 57, 62.] This

matter came on for hearing on February 22, 2019.  On March 14, 2019, this Court issued an entering order ruling on the Motion. [Dkt. no. 73.]  The instant Order supersedes that entering order.  Servco's Motion is hereby granted, and the Third-Party Complaint is hereby dismissed with prejudice, for the reasons set forth below.

**BACKGROUND**

The relevant background of this case is described in this Court's Order Granting Motions to Dismiss and/or Stay and Sever Cross-Claim and Granting Joinders in the Motion, filed on March 29, 2019 ("3/29/19 Order").  [Dkt. no. 85.[1]]  Only the background that is relevant to the instant Motion will be repeated here.

Plaintiff/Counterclaim Defendant United States Fire Insurance Company ("US Fire") filed its Complaint for Declaratory Judgment ("Complaint") on June 4, 2018, seeking a declaratory judgment that it does not have a duty to defend nor a duty to indemnify HCRA; Stevens; Defendant/Counterclaim Defendant/Cross-claim Defendant Hawaiian Kamali`i, Inc., doing business as Hawaiian Canoe Club ("HCC"); Defendant/Counterclaim Defendant/Cross-claim Defendant Kihei Canoe Club ("KCC" and collectively "Defendants"); and other Doe defendants, as to

---

[1] The 3/29/19 Order is also available at 2019 WL 1437595.

claims arising from a September 17, 2016 incident in which Faith Ann Kalei-Imaizumi ("Kalei-Imaizumi") was injured during the 2016 Pailolo Challenge Outrigger Canoe Race ("2016 Pailolo Challenge"). See Complaint at ¶¶ 4, 21-24 & pgs. 31-32. Kalei-Imaizumi, her husband, and their children ("Underlying Plaintiffs") filed an action against Defendants and others in state court, Kalei-Imaizumi, et al. v. Stevens, et al., Civil No. 17-1-0474 ("Underlying Action"). [Id. at ¶¶ 10-11 & Exh. A (complaint in the Underlying Action ("Underlying Complaint")).]

Stevens notes that Counts VIII and IX of the Underlying Complaint allege HCRA, HCC, and KCC (collectively "Club Defendants") were negligent in their management of the 2016 Pailolo Challenge because they, *inter alia*, failed to obtain insurance coverage appropriate for the race. [Stevens's First Amended Answer to Complaint for Declaratory Judgment, Filed on June 4, 2018 ("First Amended Answer"), filed 7/26/18 (dkt. no. 20), Third-Party Complaint Against Servco Pacific, Inc., dba Servco Pacific Insurance ("Third-Party Complaint") at ¶ 4.] Stevens asserts the appropriate insurance policy (or policies) for the Club Defendants' management of the 2016 Pailolo Challenge would have covered: the Club Defendants; the Club Defendants' "employees, agents and servants," including Stevens; participants in the 2016 Pailolo Challenge; and "anyone who might be injured by participating in the canoe race for the

3

contemplated activities in the" 2016 Pailolo Challenge. [Id.] Stevens contends that, had the Club Defendants obtained the appropriate insurance for the 2016 Pailolo Challenge, the Underlying Plaintiffs' injuries would have been covered. [Id.]

Stevens also argues that, "[b]ased on their experience and earlier races," the Club Defendants – in particular, HCRA – were aware that, in order to obtain a permit to conduct the 2016 Pailolo Challenge, "they had to obtain insurance covering the State of Hawaii, the canoe clubs, boat captains, etc., . . . for the fiscal protection of the [Club] Defendants and other canoe clubs, boat captains and others involved in the race, and the protection of participants (paddlers and those helping with the race)." [Id. at ¶ 5.] Stevens alleges that: when HCRA obtained insurance for the 2016 Pailolo Challenge, HCRA was acting as an agent for the Club Defendants; HCRA's procurement of the insurance it obtained was negligent because it did not provide coverage for risks that could be reasonably anticipated; and HCRA was negligent in failing to obtain other insurance policies that would have covered reasonably anticipated risks, including those alleged in the Underlying Complaint. Stevens asserts the policy at issue in the Complaint ("Policy") should provide

coverage for HCRA's negligence regarding insurance procurement.[2] [Id. at ¶¶ 6-7.]

In particular, Stevens alleges HCRA, its insurer, and its insurance broker were named as third-party defendants in Zbin v. State, Civil No. 12-1-000510 (State of Hawai`i, Second Circuit Court), because they failed to obtain the proper insurance for another event. [Id. at ¶ 8.] Therefore, Stevens argues "HCRA knew that issues regarding proper insurance, coverage and exclusions could arise in a canoe racing event." [Id.] In light of the past litigation, Stevens alleges HCRA "likely had conversations with representatives of the State of Hawaii and its insurance broker regarding what insurance coverage was appropriate." [Id. at ¶ 9.] Further, HCRA either did the same with its member canoe clubs (including HCC and KCC) prior to the 2016 Pailolo Challenge or, if it failed to do so, HCRA was negligent in failing to so advise its members. [Id. at ¶¶ 9-10.] Stevens contends that, if HCRA's handling of the 2016 Pailolo Challenge's insurance issues was negligent, HCC and KCC

---

[2] The "Policy" refers to Marine Policy No. 830-101897-8, which US Fire issued to HCRA for the period from January 1, 2016 to January 1, 2017. [Complaint at ¶ 41 & Exh. B (Policy).] HCRA, as well as "'[t]he Island Association, its Member Clubs and their Members and Director & Board Members'" are named insureds under the Policy. [Complaint at ¶ 41.] HCC and KCC are members of non-party Maui County Hawaiian Canoe Association ("Maui HCA"), which is an HCRA Island Association. [Id. at ¶¶ 3-4.]

5

were also negligent because HCRA was acting on their behalf. Further, Stevens alleges the Club Defendants' negligence is covered under the Policy, or would have been covered by other appropriate insurance policies. [Id. at ¶¶ 12-13.] Stevens asserts the Club Defendants' failure to obtain the appropriate insurance was "negligence, fault, breach of duty to Defendant Stevens (and others), and breach of contract regarding their management of the race (of which Defendant Stevens was a third-party beneficiary)." [Id. at ¶ 17.]

According to the Third-Party Complaint, Servco was HCRA's insurance broker for the Policy, and therefore Servco "had a legally recognized duty to procure the appropriate insurance for the reasonably foreseeable scope of injuries that could be suffered during an open ocean canoe race, and the participants in that activity." [Id. at ¶ 14 (citation omitted).] Stevens alleges Servco was negligent in: 1) failing to diligently determine the necessary insurance for the foreseeable risks and injuries of the 2016 Pailolo Challenge; 2) failing to provide the Club Defendants with reasonable advice regarding the necessary insurance; and 3) procuring insurance that was not appropriate for the event (including procuring insurance that does not cover the injuries at issue in the Underlying Action). [Id. at ¶ 15.] Stevens asserts he would have been a third-party beneficiary of the appropriate insurance

6

that Servco should have obtained for HCRA.  Thus, he asserts Servco has independent liability to him.  [Id.]  He argues he "is entitled to judgment against Third-Party Defendant Servco for the costs of his defense and any damages that might be assessed against him in the Underlying [Action]."  [Id. at ¶ 19.]

Servco seeks dismissal, with prejudice, of the Third-Party Complaint because: 1) an insurance agent does not owe duties to third parties who may have benefited if the insured purchased a different policy; 2) even if such duties exist, there are insufficient factual allegations to support Stevens's argument that he was a third-party beneficiary; and 3) regardless of its merits, the Third-Party Complaint is improper because it does not seek contribution or indemnity from Servco for liability Stevens may have to US Fire.

## DISCUSSION

I. **Duties of an Insurance Agent**

This district court has stated:

> In Hawai`i . . . , "[a]n insurance agent owes a duty to the insured to exercise reasonable care, skill and diligence in carrying out the agent's duties in procuring insurance."  Quality Furniture, Inc. v. Hay, 61 Haw. 89, 93, 595 P.2d 1066, 1068 (1979).  Such a duty is owed to "the extent of the responsibilities that the agent had in rendering help and providing advice **to the insured**."  Macabio [v. TIG Ins. Co.], 87 Hawai`i [307,] 318, 955 P.2d [100,] 111 [(1998)] (quoting Quality Furniture, 61 Haw. at 93, 595 P.2d at

7

1068) (internal quotation marks and brackets omitted).

Certain Underwriters at Lloyd's London Subscribing to Policy No. LL001HI0300520 v. Vreeken, No. 30156, 2014 WL 2949463, at *3 (Hawai`i Ct. App. June 30, 2014) (some alterations in Certain Underwriters) (emphasis added). Macabio addressed whether the insurance agent had a duty to inform the insured about the recent enactment of a statute that required insurers to offer the option of stacking uninsured and underinsured motorist coverage. 87 Hawai`i at 317-19, 955 P.2d at 110-12. The Hawai`i Supreme Court stated, "when looking at the facts of each case to determine the duty of an insurance agent, the nature of the **relationship between the agent and the insured** must be scrutinized." Id. at 319, 955 P.2d at 112 (emphasis added). Quality Furniture also involved a dispute between the insured and its insurance agents. The supreme court held that the agents' failure to procure insurance when the insured leased another warehouse was not negligent under the circumstances of that case, including what the insurer had knowledge of and what the insured did or failed to do. Quality Furniture, 61 Haw. at 93, 595 P.2d at 1069.

Even assuming that all of the factual allegations of the Third-Party Complaint are true,[3] Stevens is not the insured who obtained the Policy through Servco and there is no direct relationship between Servco and Stevens. Stevens's position is that Servco owed him a duty of care, even in the absence of a direct relationship, because he "would have been a third-party beneficiary of appropriate insurance that Servco should have provided" for HCRA. [Third-Party Complaint at ¶ 15.]

## II. **Third-Party Beneficiary**

The Hawai`i Supreme Court has stated:

> Ordinarily, third-party beneficiary status is a question of fact as to whether the terms of the insurance policy reflect an intent to benefit the provider. See Elsner v. Farmers Ins. Group, Inc., 364 Ark. 393, 220 S.W.3d 633, 636 (2005) (holding that the trial court properly granted defendant-appellee's motion to dismiss inasmuch as "there [was] nothing in the contract to indicate that [plaintiff-appellant] was an intended third-party beneficiary . . . ."); Postlewait Constr. Inc. v. Great Am. Ins. Cos., 106 Wash. 2d 96, 720 P.2d 805, 807 (1986) ("In order to be a third-party beneficiary entitled to recover on an insurance contract, it is not enough that it be intended by one of the parties to the contract and the third person that the latter should be a beneficiary. Both parties must so intend **and must indicate that intention in the contract**.") (Citation omitted.) (Emphasis added.); 17 Lee R. Russ & Thomas F. Segalla,

---

[3] "Although for the purposes of a motion to dismiss we must take all of the factual allegations in the complaint as true, we 'are not bound to accept as true a legal conclusion couched as a factual allegation.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)).

9

> Couch on Insurance 3d § 241:25 at 241–34 (2000)
> ("In order for a third party to maintain an
> action against an insurer, an intent to make the
> obligation inure to the benefit of such person
> must clearly appear in the contract of insurance,
> and, if any doubt exists, the contract should be
> construed against such intent.") (Footnotes
> omitted.).

Jou v. Dai-Tokyo Royal State Ins. Co., 116 Hawai`i 159, 168, 172 P.3d 471, 480 (2007) (alterations and emphasis in Jou) (some citations omitted). The primary inquiry in determining whether a person is a third-party beneficiary to a contract is whether the contract itself indicates that the parties to the contract intended to confer third-party beneficiary status on that person. Because Stevens's position is that he **would have been** a third-party beneficiary **if Servco had obtained** an insurance policy that was appropriate for HCRA, [Third-Party Complaint at ¶ 15,] there is no contract to examine. Further, Stevens has not alleged what the terms of the hypothetical insurance policy would have been.

Besides establishing his status through the terms of the agreement itself, Stevens could allege he was a third-party beneficiary based on the following framework:

> (1) . . . a beneficiary of a promise is an
> intended beneficiary if recognition of a right to
> performance in the beneficiary is appropriate to
> effectuate the intention of the parties and
> either

>           (a)  the performance of the promise will
>           satisfy an obligation of the promisee to pay
>           money to the beneficiary; or
>
>           (b) the circumstances indicate that the
>           promisee intends to give the beneficiary the
>           benefit of the promised performance.
>
>      (2)  An incidental beneficiary is a beneficiary
>      who is not an intended beneficiary.

Jou, 116 Hawai`i at 168-69, 172 P.3d at 480-81 (quoting Restatement (Second) of Contracts § 302 (1981)).  The factual allegations of the Third-Party Complaint do not support any of the elements of this framework.  The Third-Party Complaint therefore fails to plead sufficient factual allegations to support a reasonable inference that Stevens was a third-party beneficiary of any insurance policy that Servco obtained, or could have obtained, on HCRA's behalf.  See Iqbal, 556 U.S. at 678 ("To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" (quoting Twombly, 550 U.S. at 570)); id. ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." (citing Twombly, 550 U.S. at 556)).  The Third-Party Complaint therefore fails to state a claim upon which relief can be granted, see Fed. R. Civ. P. 12(b)(6), and must be dismissed.

It is arguably possible for Stevens to amend the Third-Party Complaint to include sufficient factual allegations to support his position that he is a third-party beneficiary. See Sonoma Cty. Ass'n of Retired Emps. v. Sonoma Cty., 708 F.3d 1109, 1118 (9th Cir. 2013) ("As a general rule, dismissal without leave to amend is improper unless it is clear, upon de novo review, that the complaint could not be saved by any amendment." (brackets, citation, and internal quotation marks omitted)). However, in determining whether to grant Stevens's leave to amend, this Court must also address whether the amended third-party complaint would satisfy Fed. R. Civ. P. 14.

### III. Fed. R. Civ. P. 14

Rule 14(a)(1) states, in pertinent part: "A defending party may, as third-party plaintiff, serve a summons and complaint on a nonparty who is or may be liable to it for all or part of the claim against it." This Court has stated:

> "The decision to allow a third-party defendant to be impleaded under rule 14 is entrusted to the sound discretion of the trial court." United States v. One 1977 Mercedes Benz, 708 F.2d 444, 452 (9th Cir. 1983). A third-party claim "may be asserted only when the third party's liability is in some way dependant [sic] on the outcome of the main claim and the third party's liability is secondary or derivative." [Id.] "The crucial characteristic of a Rule 14 claim is that defendant is attempting to transfer to the third-party defendant the liability asserted against him by the original plaintiff. The mere fact that the alleged third-party claim arises from the same transaction or set of facts as the

> original claim is not enough." Stewart v.
> American Int'l Oil & Gas Co., 845 F.2d 196, 200
> (9th Cir. 1988) (quoting Wright & Miller, 6 Fed.
> Prac. & Proc. § 1446 at 257 (1971 ed.)). "It is
> not sufficient that the third-party claim is a
> related claim; the claim must be derivatively
> based on the original plaintiff's claim." One
> 1977 Mercedes Benz, 450 SEL, 708 F.2d at 452.

Hawaii FIT Four LLC v. Ford, CIVIL NO. CV 16-00607 LEK-RLP, 2017 WL 4928612, at *3 (D. Hawai`i Aug. 8, 2017).

The original plaintiff in this case is US Fire. As to Stevens, US Fire seeks a declaratory judgment that it has no duty to defend and no duty to indemnify him under the Policy for the Underlying Plaintiffs' claims or any other claims that may arise from the incident at issue in the Underlying Action. [Complaint at pgs. 31-32.] US Fire does not seek an award of damages from Stevens. Thus, the Third-Party Complaint does not "attempt[] to transfer to [Stevens] the liability asserted against him by" US Fire. See Stewart, 845 F.2d at 200. The fact that both Stevens's claim against Servco and US Fire's claims against Defendants require consideration of the 2016 Pailolo Challenge and Kalei-Imaizumi's injury is not enough. See id. Even if Stevens amended his Third-Party Complaint to include additional allegations supporting his third-party beneficiary theory, it would not change the fact that US Fire does not seek damages from Stevens. Because allowing Stevens to amend his Third-Party Complaint would be futile, the dismissal

13

must be with prejudice.  See Leadsinger, Inc. v. BMG Music Publ'g, 512 F.3d 522, 532 (9th Cir. 2008) (noting that futility of amendment is an accepted basis to deny leave to amend).

However, nothing in this Order prevents Stevens from filing his claim against Servco in a separate action, in the appropriate forum.

## CONCLUSION

On the basis of the foregoing, Servco's Motion to Dismiss Defendant/Third-Party Plaintiff Mark Davis Stevens' Third-Party Complaint [Dkt. 20-2] for Failure to State a Claim, filed September 28, 2018, is HEREBY GRANTED.  Stevens's Third-Party Complaint Against Servco Pacific, Inc., dba Servco Pacific Insurance, filed July 26, 2018, is DISMISSED WITH PREJUDICE.

The Clerk's Office is DIRECTED to terminate Servco as a party on **May 2, 2019,** unless Stevens files a timely motion for reconsideration of the instant Order by **May 1, 2019**.

IT IS SO ORDERED.

DATED AT HONOLULU, HAWAI`I, April 17, 2019.



/s/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States District Judge

**UNITED STATES FIRE INSURANCE CO. VS. HAWAIIAN CANOE RACING ASSOCIATION, ET AL.; CV 18-00212 LEK-RLP; ORDER GRANTING MOTION TO DISMISS DEFENDANT/THIRD-PARTY PLAINTIFF MARK DAVID STEVENS' THIRD-PARTY COMPLAINT [DKT. 20-2] FOR FAILURE TO STATE A CLAIM**